J. J. GILLESPIE ET AL. V. YANDELL FERIS.

(No. 1999.)

APPEAL from Harris County. Opinion by WILLSON, J.

JONES & GARNETT, counsel for appellants.

C. ANSON JONES, counsel for appellee.

**§ 124.** *Location of land certificate; when and how a location may be lifted; construction of statute as to; facts which do not constitute a cause of action against a surveyor for refusing to make a location; case stated.* On

the 21st day of July, 1884, Yandell Feris, who then owned two land certificates for six hundred and forty acres each, filed with J. J. Gillespie, county surveyor of Harris county, an application in writing, directing him to locate the two certificates on certain land described in the application.

This application was at once entered and recorded by the surveyor in the record book kept by him for that purpose, as required by law.

Afterwards, on the 18th of August, 1884, Feris having discovered, from the maps and records in the land office, that the land upon which he had directed the certificates to be located, in the application of July 21, 1884, had been before that time patented by the state, filed with Gillespie another application, dated August 18, 1884, directing that one of the certificates above referred to, to the extent of three hundred and twenty acres for the certificate and three hundred and twenty acres for the state, be located on a tract of land alleged by plaintiff to have been vacant, and to contain one thousand two hundred and eighty acres of land. The surveyor disregarded this last application, failed to make the location as it directed, and the land was taken up by other parties.

This suit was brought in the county court of Harris county by the plaintiff, Feris, against the county surveyor and his securities, to recover damages which plaintiff alleges he sustained by reason of the failure of the county surveyor to locate the certificate referred to in the application of August 18, 1884, as therein directed.

The defendants demurred generally to the plaintiff's petition, and answered with a general denial, and pleaded specially that the certificate referred to in the application of August 18, 1884, had prior to that time been entered and filed by the plaintiff's direction on land other than that described in plaintiff's petition, and there had been no valid lifting or floating of this entry. Defendants, in their answer, also tendered back to plaintiff the certificate. .

Upon the trial of the case the plaintiff recovered verdict and judgment against the defendants for $402.97.

It appears from the evidence that the file of July 21 was duly made, and was entered by the surveyor in the registry kept by him for that purpose. It further appears that the land covered by this file had, at the date thereof, been appropriated by and patented to other persons, and was not vacant land, as appellee then supposed it to be, and as a map of the county kept in the county clerk's office, and which was examined by appellee before making said file, showed it to be. After making this file, appellee, upon making an examination in the general land office of the state, ascertained that the land covered by said file was not vacant, and was not subject to his location. He thereupon informed Gillespie, the surveyor, of this fact, and requested said surveyor to float said file of July 21, and at the same time he directed the file of August 18 to be made upon the land in question in this suit. *Held:* The location of July 21 having been made upon land previously appropriated, it was within the power of the surveyor, and was his duty, upon proper showing of the facts by the certificate of one of his deputies, or from his own knowledge, to allow appellee to lift said location. [R. S. art. 3898.] The proper showing of facts in such case can only be made by the surveyor or his deputy, and until so made the location could not lawfully be lifted. The surveyor would not be authorized to lift the location upon the mere statement of the locator that the land was not vacant. In this case the surveyor did not permit the location of July 21 to be lifted. He testified that he did not know the fact that the land upon which it had been made was not vacant. Appellee furnished him no proof that said location conflicted with any other prior location or survey, and he did not therefore believe that the law authorized him to allow said location to be lifted. In this view the surveyor was right. If the location was in fact upon vacant land, and was not in conflict with

any prior location or survey, it would not have been lawful for the surveyor to allow said location to be lifted. [R. S. art. 3898.] Under the facts of this case the surveyor was not bound to allow said location to be lifted, and until the same had been lawfully lifted, a second location, by virtue of the certificates used in the first, could not legally be made. We have been considering article 3898, Revised Statutes, as having reference to *all* cases where the location is made upon land which had been previously appropriated. We seriously doubt whether it should be so construed. The next succeeding article, 3899, seems in conflict with such a construction, for it provides that " whenever an entry is made by virtue of a genuine certificate upon any land which appears to be appropriated, by the books of the proper surveyor's office, or records of the county court or general land office, the party making such entry shall abide by the same." This would seem, in such case, to deny the locator any right to lift his location. Our interpretation of the two articles is, that article 3898 refers to the case where there is a conflict of *entries, files, locations or surveys*, which conflict is discovered *before* the land has been patented or appropriated by the state; while article 3899 refers to the case like the one before us, where the location is made upon land which has already been appropriated, deeded or patented by the state, as shown by the records of either the surveyor's office, county court or general land office. This interpretation will, it seems to us, harmonize the two articles, and no other will. If this construction be correct, then it is very clear that appellee could not lawfully lift his location of July 21, because it had been made upon land which the records of the general land office showed had been previously patented. It matters not that the records of the surveyor's office and of the county court did not show this fact. It was incumbent upon appellee, before making the location, to look further, and ascertain whether or not the records of the general land office showed the land to be vacant and

subject to his entry. Not having done this, he assumed the risk of losing his location and his certificate also, and cannot complain that the surveyor should require, as does the law, that he abide by his entry. We are of the opinion that appellee has no cause of action for damages against appellants, wherefore the judgment is reversed and the suit is dismissed.

February 27, 1886.     Reversed and dismissed.